**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

FILED

**March 31, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JOHN CONSTANTINE, III, et al, | ) | No. E1999-01575-COA-R3-CV |
| | ) | |
| Plaintiffs/Appellants, | ) | |
| | ) | |
| v. | ) | Appeal As Of Right From |
| | ) | HAMILTON COUNTY |
| MILLER INDUSTRIES, INC., et al, | ) | CHANCERY COURT |
| | ) | |
| Defendants/Appellees. | ) | W. FRANK BROWN, III, CHANCELLOR |

Ward Crutchfield and J. William Pope, Chattanooga, Tennessee, William S. Lerach, Jan M. Adler, William S. Dato, and Randall J. Baron, San Diego, California, George Barrett and Douglas Johnston, Nashville, Tennessee, Gordon Ball, Knoxville, Tennessee, and H. Sullivan Bunch, Signal Mountain, Tennessee for the Appellants, John Constantine, III, Harvey Frank, and Thomas J. Johnson.

John C. Harrison, Chattanooga, Tennessee, Oscar N. Persons, Rebecca M. Lamberth, and John H. Goselin, II, Atlanta, Georgia for the Appellees, Miller Industries, Inc., William G. Miller, and Adam L. Dunayer.

AFFIRMED                                                                                          SWINEY, J.

## OPINION

This is an appeal of the dismissal of a securities fraud suit seeking class action

certification against Defendants Miller Industries, Inc. ("Miller Industries"), William G. Miller

("Miller"), and Adam L. Dunayer ("Dunayer"). Plaintiffs, individuals who purchased stock in Miller

Industries, sought relief for alleged misrepresentations made by Defendants in the course of a public stock offering. Although unable to show common law reliance on the statements asserted as the basis for their damages, Plaintiffs argued to the Trial Court that reliance is not required to state a cause of action under T.C.A. § 48-2-122(c), the statute which establishes a private cause of action for violation of T.C.A. § 48-2-121, the securities fraud statute. Citing a previous decision of this Court construing the predecessor statute requiring plaintiffs to show common law reliance for a private cause of action for securities fraud, the Trial Court dismissed the suit for failure to state a claim for which relief could be granted. On appeal, Plaintiffs asserted, among other things, error by the Trial Court in requiring reliance for a private cause of action under T.C.A. § 48-2-121 and § 48-2-122(c), and argue in the alternative that Tennessee should adopt the federal "fraud on the market" theory, which does not require direct reliance to maintain a cause of action for certain securities law claims. For the reasons set forth below, we affirm the Trial Court's dismissal of Plaintiffs' cause of action.

## BACKGROUND

Defendant Miller Industries, a Tennessee corporation with its principal place of business in Ooltewah, Tennessee, was formed in 1990 through the consolidation of two towing equipment manufacturers, Holmes International and Challenger Wrecker. Defendant Miller was named in Plaintiffs' suit as the Chairman and CEO of Miller Industries. Defendant Dunayer was initially an outside accountant for Miller Industries, and became Vice President, Treasurer, and CFO of Miller Industries in 1996. Plaintiffs, who purchased stock in Miller Industries between December 12, 1996 and September 5, 1997, brought suit alleging violation of the Tennessee Securities Act of

2

1980, seeking class action certification for persons who acquired common stock in Miller Industries between October 15, 1996 and September 11, 1997.

This suit was originally brought by Plaintiff John Constantine III on October 2, 1997, seeking class action certification. On December 22, 1997, an Amended Complaint was filed, adding Plaintiffs Harvey Frank and Thomas J. Johnson, and substituting typographical corrections for certain wording in the original Complaint. On January 2, 1998, Defendants filed a Motion to Dismiss the First Amended Complaint, asserting that Plaintiffs failed to state a claim upon which relief can be granted under T.R.C.P. Rule 12.02, with an alternative Motion to stay proceedings pending resolution of a companion case then pending in the Federal District Court in Georgia. On May 11, 1998, Chancellor R. Vann Owens granted Defendants' Motion to Dismiss in a detailed, articulate fourteen-page Memorandum Opinion and Order, holding that Plaintiffs failed to allege fraud with sufficient particularity under T.R.C.P. Rule 9.02, and denied Plaintiffs' claims for relief under the federal securities law "fraud on the market" theory. On September 28, 1998, Plaintiffs filed their Second Amended Complaint by leave of Chancellor Owens under T.R.C.P. Rule 15.01, asserting claims under the Tennessee Securities Act of 1980. Plaintiffs alleged that statements made in conjunction with a public offering of common stock, in SEC filings and related materials, created a cause of action under T.C.A. § 48-2-122(c), the statute which establishes a private cause of action for violation of T.C.A. § 48-2-121, the securities fraud statute. Plaintiffs also sought in the Second Amended Complaint to add Bear, Stearns & Company, Inc. as an additional party defendant, which the Trial Court denied.

Defendants filed their second Motion to Dismiss on November 9, 1998, again asserting that Plaintiffs failed to plead fraud with particularity under T.R.C.P. Rule 9.02 and failed

3

to state a claim for which relief could be granted under T.R.C.P. Rule 12.02. Defendants argued in their Memorandum of Law in support of the Motion to Dismiss that Plaintiffs "fraud on the market" theory was inapplicable to the Tennessee Securities Act of 1980, that Plaintiffs failed to allege the requisite scienter under common law fraud on the part of Defendants, and that Plaintiffs failed to aver fraudulent acts on the part of Defendants with sufficient particularity. After additional briefs were filed and argument of counsel for the parties was heard, the Trial Court, with Chancellor W. Frank Brown III presiding, dismissed the suit by Memorandum Opinion and Order filed March 11, 1999. After examining and applying relevant case law, the Trial Court found that Plaintiffs failed to allege fraud with sufficient particularity, failed to establish the common law fraud elements of reliance and scienter, and found that Tennessee has not adopted the federal securities law "fraud on the market" theory through either legislative enactment or case law. In declining to adopt the "fraud on the market" theory, the Trial Court noted that Dismissal of this suit does not mean that Plaintiffs are left without a potential remedy.

> In equity, there is no wrong without a remedy. But here, if there is a wrong, there is not only a remedy but another lawsuit involving Miller Industries, Inc. There is a class action pending in the United States District Court in Georgia wherein this same theory is being argued. This trial court does not believe that it should be the one to make such a distinct change in Tennessee law by the adoption of a fraud-on-the-market theory as a substitute for reliance. Such a change should be made by the Supreme Court of Tennessee or the Court of Appeals if our Legislature does not make the change.

It is from this Order of the Trial Court dismissing the cause of action with prejudice that Plaintiffs have appealed.

## DISCUSSION

Plaintiffs have posed two issues for review in the form of four questions:

4

1. a.  In addition to alleging that the price paid for a security was affected by the defendants' false or misleading statements, does the express private right of action created by T.C.A. § 48-2-122(c) require that the plaintiff plead actual reliance on the misstatements?

b.  If actual reliance is required, is reliance presumed under the "fraud on the market" theory if the plaintiff alleges that the defendants' material misstatements were communicated to the market and affected the market price paid by plaintiff?

2. a.  To state a cause of action under T.C.A. § 48-2-122, is a plaintiff required to allege that defendants made knowingly false or misleading statements despite the express statutory requirement that defendants prove they "did not know, and in the exercise of reasonable care could not have known" that their statements were false or misleading?

b.  If allegations of knowing falsity are required, must facts supporting defendant's knowledge be pleaded with particularity despite the statement in Tenn. R. Civ. P. 9.02 that "knowledge . . . may be averred generally"?

Defendants argue that Plaintiffs have misstated the issues for review, and assert that the proper issues center upon whether Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.  After extensive review of the record of the Trial Court, the parties' briefs, oral arguments, and supporting materials submitted on appeal by the parties, the dispositive issue at the core of this appeal is whether reliance by Plaintiffs upon the alleged acts or conduct attributed to Defendants as being violative of T.C.A. § 48-2-121 is required for a suit brought pursuant to T.C.A. § 48-2-122(c).

The issues on review pose questions of statutory construction, which are subject to *de novo* review.

Construction of a statute is a question of law which we review de novo, with no presumption of correctness. The role of the Court in construing statutes is to ascertain and give effect to legislative intent. Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language.

5

*Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998).

The statutes at issue were originally adopted as part of the Tennessee Securities Act of 1980. T.C.A.§ 48-2-121 creates the cause of action for security fraud or misrepresentation.

(a) It is unlawful for any person, in connection with the offer, sale or purchase of any security in this state, directly or indirectly, to:

(1) Employ any device, scheme, or artifice to defraud;

(2) Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading;  or

(3) Engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

* * * *

(c) It is unlawful for any person to make or cause to be made, in any document filed with the commissioner or in any proceeding under this part, any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.

T.C.A. § 48-2-121.

The private right of action asserted by Plaintiffs is created by T.C.A. § 48-2-122(c).

Any person who willfully engages in any act or conduct which violates § 48-2-121 shall be liable to any other person (not knowing that any such conduct constituted a violation of § 48-2-121) who purchases or sells any security at a price which was affected by the act or conduct for the damages sustained as a result of such act or conduct unless the person sued shall prove that the person sued acted in good faith and did not know, and in the exercise of reasonable care could not have known, that such act or conduct violated § 48-2-121.

T.C.A. § 48-2-122(c)(1).

T.C.A. § 48-2-122(c) does not create a new and independent cause of action, but instead merely establishes standing to bring a private cause of action for violation of T.C.A. §

6

48-2-121. Without a violation of T.C.A. § 48-2-121, there is no cause of action to be brought under T.C.A. § 48-2-122(c). The ten-page Memorandum Opinion and Order of the Trial Court addressing the Motion to Dismiss Plaintiffs' Second Amended Complaint is particularly thorough and erudite in addressing the issues argued by Plaintiffs as forming their foundation for reversal on appeal. The Trial Court found that Plaintiffs failed to state a claim under which relief could be granted for failing to aver reliance upon the representations of Defendants, in that common law reliance is required to bring a civil cause of action under T.C.A. § 48-2-122 for violation of T.C.A.§ 48-2-121. To support this finding, the Trial Court cites *Diversified Equities, Inc. v. Warren*, 567 S.W. 2d 171 (Tenn. Ct. App. 1976), *overruled on other grounds by V.L. Nicholson Co. v. Transcon Inv. & Fin. Ltd., Inc.*, 595 S.W.2d 474 (Tenn. 1980).

This Court in *Diversified Equities* examined T.C.A. § 48-1644, the predecessor statute to T.C.A. §§ 48-2-121 and 48-2-122. Drawing analogy to federal securities law, this Court held that common law reliance must be proved to maintain a civil cause of action under that statute.

> In plaintiffs' first assignment of error, they contend that . . . common law reliance is not an element of a fraudulent practice under T.C.A. § 48-1644. We have found no reported cases constru

> The language of T.C.A. § 48-1644 is similar to the language of Rule 10b-5, promulgated by the S.E.C. under s 10(b) of the Securities and Exchange Act of 1934. We have reviewed the federal case law interpreting Rule 10b-5 and conclude that when a material misrepresentation is made, reliance upon that misrepresentation must be proven to recover under Rule 10b-5. Reliance is established when one proves that the misrepresentation is a substantial factor in determining the plaintiff's course of conduct.

> The substantial factor test adopted by the federal courts is the same reliance test used in the common law misrepresentation action.

*Diversified Equities*, 567 S.W.2d at 174.

Plaintiffs attempt to find a path around this Court's holding in *Diversified Equities*

7

by relying upon *State v. Brewer*, 932 S.W. 2d 1 (Tenn. Crim. App. 1996). This reliance is misplaced. The burdens are different for a private cause of action using T.C.A. § 48-2-122, and for a criminal enforcement action under T.C.A. §§ 48-2-121 by law enforcement authorities.

> Cases from other jurisdictions have uniformly illustrated that the requirements of proof in private actions and criminal cases are not identical. For example, in *Kramas v. Security Gas & Oil, Inc.*, which involved a private action concerning violations of federal securities laws, the United States Court of Appeals for the Ninth Circuit stated: "Prosecutions and enforcement actions involve interests and procedures different from those involved in private damage suits. The Government is not 'required to prove that anyone was defrauded or that any investor sustained loss,' ... *but such proof is essential to recovery by a private investor*."

> *State v. Brewer*, 932 S.W.2d at 16-17 (emphasis added).

As noted by the Trial Court, we are cited to, and find from our own research, no other cases construing the revised version of the statutes at issue. However, the language of the Tennessee Securities Act of 1980 continues to closely follow federal securities law Rule 10b-5. *See Ockerman v. May Zima & Co.*, 27 F.3d 1151, 1155 (6th Cir. 1994). Therefore, the analysis and holding in *Diversified Equities* remains valid. Reliance must be established by the plaintiff to maintain a Rule 10b-5 action under federal law. *Ockerman,* 27 F. 3d at 1158. Had the Tennessee Legislature chosen to do so, reliance could have been addressed in the enactment of the Tennessee Securities Act of 1980, or in the subsequent revisions to the statutes at issue. The holding in *Diversified Investments* that common law reliance is a requirement to bringing a private cause of action for securities fraud or misrepresentation had been the law in Tennessee for four years at the time of the enactment of the 1980 Act. "[T]he Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation." *Wilson v. Johnson County*, 879 S.W.2d 807, 810 (Tenn. 1994).

A few days before oral argument, Plaintiffs submitted a copy of *Wakefield v. Crawley*, 6 S.W. 3d 442 (Tenn. 1999), with a letter declaring that the case is relevant to the issues on appeal as to the "revised interpretation of a statute following a legislative amendment . . .." However, our reading of the *Wakefield* opinion does not support Plaintiffs' position that reliance is no longer a requirement to bringing a private cause of action under T.C.A. § 48-2-122 for a violation of T.C.A. § 48-2-121. In *Wakefield* the Supreme Court noted the language contained in the Official Comments to the UCC, and discussed the appropriate context for looking to the Official Comments to a statutory enactment in determining legislative intent in the enactment. "While not controlling authority, the Official Comments to the UCC provide guidance in construing statutory language and offer assistance in discerning the intent of the legislature in adopting the statutory scheme." *Wakefield*, 6 S.W.3d at 447. The *Wakefield* decision is not on point with the issues on appeal for multiple reasons, with the most obvious reason being there are no official comments to the statutes at issue. Additionally, the citations and discussion in *Wakefield* are quite specific to the UCC, and do not readily apply in a more general fashion outside the scope of the issues addressed by the Supreme Court. Also, the Official Comments quoted in *Wakefield* are exceedingly specific to the issue of legislative intent.

In enacting the 1995 amendments, the General Assembly stated that

> [t]he provisions of this act are intended to be a clarification of existing law with respect to the definition of a 'security' under Article 8 of the Tennessee Uniform Commercial Code, particularly in the context of perfection of a security interest in stock or other investment instruments by possession of the instrument. The intent is to remove any uncertainty created by language of the Tennessee Supreme Court in the case *Blasingame v. American Materials, Inc.*, 654 S.W.2d 659 (Tenn. 1983).

The General Assembly apparently sought to put an end to the "uncertainty" created

9

> by the *Blasingame* decision by expressly including the stock of closely-held corporations in the definition of a security.

> *Wakefield*, 6 S.W.3d at 448.

Rather than supporting Plaintiffs' argument, the *Wakefield* opinion serves to corroborate the previously-discussed appellate rule that the legislature is presumed to have had knowledge of the statutory enactments prior to the Tennessee Securities Act of 1980, and to have known the state of the law as to this Court's holding in *Diversified Investments* that common law reliance is a prerequisite to bringing a private cause of action under the prior statute. *See Wilson*, 879 S.W.2d 810. This observation provides additional support for our holding that actual reliance continues to be a requirement for maintaining a private cause of action under T.C.A. § 48-2-122(c) for a violation of T.C.A. § 48-2-121, and that the Legislature has declined to adopt a "fraud on the market" theory in the enactment of and subsequent revisions to the Tennessee Securities Act of 1980. The creation of a new cause of action as requested by Plaintiffs, "fraud on the market," is a step best left to the Legislature or Tennessee Supreme Court rather than with this Court.

The Trial Court, in both Orders dismissing Plaintiffs' Complaints below, found the Plaintiffs failed to plead actual reliance by Plaintiffs on the representations of Defendants. We find no error in this finding by the Trial Court. Therefore, our holding that common law reliance by Plaintiffs remains a prerequisite to bringing a private cause of action under T.C.A. § 48-2-122(c) for a violation of T.C.A. § 48-2-121 is dispositive of this appeal. We affirm the Order of the Trial Court on appeal dismissing this suit with prejudice. The questions posed by Plaintiffs relating to the issue of scienter under T.C.A. § 48-2-122 are therefore rendered moot, and not addressed in this Opinion.

## CONCLUSION

The Judgment of the Trial Court is affirmed, and this matter remanded for further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below. Costs of this appeal are taxed to the Appellants, John Constantine, III, Harvey Frank, and Thomas J. Johnson.

_____
D. MICHAEL SWINEY, J.

CONCUR:

_____
HERSCHEL P. FRANKS, J.

_____
CHARLES D. SUSANO, JR., J.