IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 30, 2002 Session

## BILLY ALLAN BRASWELL, et ux. v. AC and S, INC., et al.

| | |
|---|---|
| BILLY ALLAN BRASWELL | NATIONAL SERVICE |
| NANNIE MAE BUNTON | INDUSTRIES, INC. |
| HENRY L. BALES | |
| | |
| Appellees | Appellant |

**Direct Appeal from the Circuit Court for Knox County**
**Nos. 2-616-91; 3-291-95, and 3-832-91    Hon. Wheeler A. Rosenbalm, Circuit Judge**

**FILED DECEMBER 19, 2002**

**No. E2002-00093-COA-R9-CV**

The Trial Court allowed plaintiff to add seller as party to products liability action more than one year after injury and denied seller summary judgment on defense of the statute of limitations. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Hugh B. Bright, Jr., Michael J. King, and Robert L. Vance, for Appellant, National Service, Industries, Inc.

Mike G. Nassios, Timothey M. McLaughlin and Robert S. Patterson, Knoxville, Tennessee, for Appellees, Billy Allan Braswell, Nannie Mae Bunton and Henry L. Bales.

**OPINION**

In this products liability action the plaintiff sued the manufacturer, alleging that he

was injured by exposure to asbestos. Subsequent to bringing the action, the manufacturer was judicially declared insolvent, after one year had expired for bringing the action. Pursuant to Tenn. Code Ann. §29-28-106(b), the Trial Court permitted plaintiff to amend his complaint and add defendant, the seller of the product, and refused to grant the defendant summary judgment on the grounds that the statute of limitations had run. We granted defendant's application for permission to appeal, pursuant to Rule 9, Tenn. R. App. P.

These three cases were consolidated for purposes of appeal, to determine whether the plaintiffs may maintain a cause of action in strict tort against a seller who was not sued within the original statute of limitations time period. It is not disputed that the original complaints against the manufacturers were filed within one year of each plaintiffs' discovery of a medical condition allegedly caused by exposure to asbestos.

Defendant Owens-Corning Fiberglass, the manufacturer, filed a voluntary petition in bankruptcy on October 5, 2000, which plaintiffs relied on in adding the seller as a party defendant. In denying defendant's Motion for summary Judgment, the Trial Court ruled that the limitation period against the seller did not begin to run until the manufacturer was adjudicated bankrupt.

The applicable statutes are as follows:

**T.C.A. 29-28-103. Limitation of actions.– Exception–** (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, . . .

**T.C.A. 28-3-104. Personal tort actions.–**(a) The following actions shall be commenced within one (1) year after the cause of action accrued:
(1) Actions for . . .injuries to the person. . .
. . .
(b) For the purpose of this section, in products liability cases:

(1) The cause of action for injury to the person shall accrue on the date of the personal injury, not the date of the negligence or the sale of a product;
(2) No person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury; and
(3) Under no circumstances shall the cause of action be barred before the person sustains an injury.

**T.C.A. 29-28-106. Seller's liability.**

(b) No "product liability action," as defined in § 29-28-102(6), when based on the doctrine of strict liability in tort, shall be commenced or maintained against any seller of a product which is alleged to contain or possess a defective condition unreasonably

dangerous to the buyer, user or consumer unless the seller is also the manufacturer of the product or the manufacturer of the part thereof claimed to be defective, or unless the manufacturer of the product or part in question shall not be subject to service of process in the state of Tennessee or service cannot be secured by the long-arm statutes of Tennessee or unless such manufacturer has been judicially declared insolvent.

The issue before us involves a question of law which is reviewed as *de novo* with no presumption of correctness of the lower court's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

The legislative history of the Tennessee Products Liability Act of 1978, T.C.A. §29-8-101, *et seq.*, as it relates to T.C.A. §29-28-106(b), was reviewed in *Seals v. Sears Roebuck and Co. et al.*, 688 F. Supp. 1252; 1988 U.S. Dist., LEXIS 6014. The Court said:

> The complete abrogation of strict liability against sellers was met with considerable hostility by numerous members of the Tennessee Senate. . . . An amendment was twice offered to add an exception to the elimination of seller strict liability where the manufacturer was not amenable to service of process or was insolvent. One of the principal sponsors of the Act, Senator Blank, opposed this amendment and characterized it as follows:
>
>> [What this amendment is saying is] you don't get to sue the seller if the manufacturer's got money, but if the manufacturer doesn't have money then you sue the seller. . . . basically what we're doing here is kinda like saying you can sue so and so if the other fellow doesn't have the money. . . . I don't think that this particular amendment makes much sense or much logic because really all you're saying is, folks if you can't get the money off one, we're gonna let you have a shot at the other {\*\*7} one. . . .
>
>> . . . A proponent of the amendment, Senator White, indicated that it was designed to protect consumers . . . :
>>> All you're saying is if the child in Tennessee or the citizen of Tennessee is injured by a product manufactured by somebody, no matter where they are, well . . . no matter where the manufacturer is, if he's insolvent, and manufacturers go out of business every day, people go in business and they don't make it, if Sears & Roebuck buys a product from a manufacturer that is bankrupt, why should you tell the person injured in Tennessee that you can't recover, you can't recover because that manufacturer is no longer solvent. Why shouldn't Sears & Roebuck in a case like that be liable, strictly liable for putting that defective product on the market[?]. I think it's a very reasonable amendment.

The opinion goes on to state that the next day a similar, but not identical in form, amendment passed by the Tennessee Senate and then became law.

At the time the General Assembly enacted T.C.A. §29-28-106(b), its members were aware that the ultimate determination of whether the manufacturer could be brought before the Court by service of process could possibly be beyond the one year limitation, and certainly, the manufacturer's adjudication in bankruptcy could occur after the limitation period had expired. The General Assembly is presumed to know the existing law in this State at the time legislation is enacted. *Wilson v. Johnson County*, 879 S.W.2d 807 (Tenn. 1994); *Constantine v. Miller Industries, Inc.,* 33 S.W.3d 809 (Tenn. Ct. App. 2000). The General Assembly in enacting the statute intended to ensure that the injured consumer could maintain a strict liability action against whomever was most likely to compensate plaintiff for his or her injuries. *Seals.* Prior to this enactment, our Supreme Court had quoted with approval Judge Jerome Frank's dissenting opinion in *Dincher v. Marlin Firearms Co.*, 198 F.2d 821, 823 (2d Cir. 1952), in *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d at p.489 (Tenn. 1975).

> Except in topsy-turvy land, you can't die before you are conceived, or be divorced before ever you marry, or harvest a crop never planted, or burn down a house never built, or miss a train running on a non-existent railroad. For substantially similar reasons, it has always heretofore been accepted, as a sort of legal "axiom," that a statute of limitations does not begin to run against a cause of action before that cause of action exists, i.e., before a judicial remedy is available to the plaintiff.

It is a cardinal rule of statutory construction that the intent of the legislature must prevail. *Tidwell v. Collins*, 522 S.W.2d 674 (Tenn. 1975). It is further presumed that the General Assembly will not enact a nullity. To hold that the statute of limitations ran before the manufacturer was adjudicated bankrupt, would render the statute in part, meaningless.

On the issue before us, *McCroskey* is instructive and the analogous case of *Gibson v. Swanson Plating and Machine of Kentucky, Inc.,* 819 S.W.2d 796 (Tenn. 1991) is persuasive. In *Gibson*, the plaintiff had been employed in a coal mine in Kentucky and was diagnosed as suffering from black lung disease. He then filed a worker's compensation suit in Kentucky, seeking recovery for his lung condition. In the meantime, he moved to Tennessee and was employed by defendant Swanson, and shortly after being employed he sustained a work-related injury. He then filed for worker's compensation benefits in Tennessee, and some two years later he was awarded permanent, partial disability in the Kentucky case. Within one year of the Kentucky Judgment plaintiff joined the Second Injury Fund as a defendant in the Tennessee action. The fund argued the statute of limitations had expired, but both the Trial Court and the Supreme Court allowed the action to be maintained. The Supreme Court, in discussing the issue, said:

> The precise issue before us is whether the one-year statute of limitations on the plaintiff's claim against the Second Injury Fund began to run on the date of the second injury, or on the date of adjudication of the permanent partial disability award

-4-

from the plaintiff's first injury. We conclude that the better-reasoned approach is to hold that the statute begins to run when recovery of an award for a prior injury actually materializes, and not, as the Fund advocates, when an employee has knowledge of a potential claim.

. . .

Indeed, logic would seem to dictate that an employee cannot be held to have knowledge of a claim against the Second Injury Fund until that claim actually arises - which in this case was not until the first permanent disability was adjudicated. Moreover, this logical proposition is consistent with our prior rulings on the accrual of a right of action. Tennessee law recognizes that, ordinarily, a statute of limitations begins to run when a plaintiff has cause of action and can bring suit. (Citations omitted). Likewise, federal courts construing Tennessee law have held that a cause of action does not accrue until a suit can be maintained. (Citations omitted). Additionally, there must be someone capable of suing before the statute of limitations can run.

The Court went on to hold that the Judgment of the Kentucky court awarding permanent disability triggered the statute of limitations as to the Second Injury Fund's liability.

In this case, the statute prohibits the plaintiff from bringing the action against the seller until one of the conditions set forth in the statute has been satisfied. From the foregoing analyses, we conclude that the General Assembly intended the limitation period against the seller would begin to run at the time the manufacturer was adjudicated bankrupt.

For the foregoing reasons, we affirm the Trial Court's denial of defendant's Motion for Summary Judgment and remand these cases for proceedings consistent with this opinion.

The cost of the appeal is assessed to National Service Industries, Inc.

_____
HERSCHEL PICKENS FRANKS, J.