# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
September 1, 2011 Session at Knoxville

## MICHAEL LIND v. BEAMAN DODGE, INC., d/b/a BEAMAN DODGE CHRYSLER JEEP ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Rutherford County**
**No. 59485      Royce Taylor, Judge**

**No. M2010-01680-SC-S09-CV - Filed December 15, 2011**

CORNELIA A. CLARK, C.J., concurring in the judgment.

I concur in the judgment of the Court, but I do not join the majority's conclusion that a product liability action based on strict liability does not accrue against a non-manufacturing seller until the manufacturer "has been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(b) (2000). Rather, I would hold that a product liability cause of action accrues "on the date of the personal injury," as provided in Tennessee Code Annotated section 28-3-104(b)(1) (2000). However, I would hold that, with respect to claims against a non-manufacturing seller based on strict liability, the one-year statute of limitations[1] is tolled until the manufacturer "has been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(b).

## Analysis

This appeal involves an analysis of several statutes, none of which provides a definitive answer to the question of first impression presented. The analysis of this issue must be guided by the familiar rules of statutory construction. The role of courts in construing statutes is to determine legislative intent and to effectuate legislative purpose. See Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 526 (Tenn. 2010); In re Estate of Tanner, 295

---

[1] See Tenn. Code Ann. § 28-3-104(b)(2) ("[I]n products liability cases . . . [n]o person shall be deprived of the right to maintain a cause of action until one (1) year from the date of the injury."). See also Tenn. Code Ann. § 29-28-103(a) (2000) ("Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.")

S.W.3d 610, 613 (Tenn. 2009). The words of the statute are of primary importance and must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. See Lee Med., Inc., 312 S.W.3d at 526; Hayes v. Gibson Cnty., 288 S.W.3d 334, 337 (Tenn. 2009); Waldschmidt v. Reassure Am. Life Ins. Co., 271 S.W.3d 173, 176 (Tenn. 2008); State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). When a statute's text is clear and unambiguous, courts do not look beyond the language of the statute to ascertain its meaning. See Lee Med., Inc., 312 S.W.3d at 527; Green v. Green, 293 S.W.3d 493, 507 (Tenn. 2009).

When statutes conflict, either in language or application, courts should construe each statute reasonably, in a manner that avoids conflict and facilitates the harmonious operation of the law. See Lee Med., Inc., 312 S.W.3d at 527; Sallee v. Barrett, 171 S.W.3d 822, 828 (Tenn. 2005); Frazier v. E. Tenn. Baptist Hosp., Inc., 55 S.W.3d 925, 928 (Tenn. 2001). A special statute, or a special provision of a particular statute, should be construed to prevail over a general provision in another statute or a general provision in the same statute. See State v. Davis, 173 S.W.3d 411, 415 (Tenn. 2005); Arnwine v. Union Cnty. Bd. of Educ., 120 S.W.3d 804, 809 (Tenn. 2003).

In applying the foregoing rules, courts may "presume that the General Assembly did not intend to enact a useless statute." See Lee Med., Inc., 312 S.W.3d at 527; State v. Jackson, 60 S.W.3d 738, 742 (Tenn. 2001). Courts may also presume that the General Assembly is aware of its own prior enactments. See Lee Med., Inc., 312 S.W.3d at 527; Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827, 836 (Tenn. 2008); Hicks v. State, 945 S.W.2d 706, 707 (Tenn. 1997). When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. See Lee Med., Inc., 312 S.W.3d at 527-28. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions." Lee Med., Inc., 312 S.W.3d at 528 (citing State ex rel. Manner v. Leech, 588 S.W.2d 534, 539 (Tenn. 1979)).

Applying the foregoing rules, I am unable to agree with the majority's conclusion that Plaintiff Michael Lind's strict liability claim against Beaman Dodge, Inc., ("Beaman"), the automobile dealership where he purchased the truck, did not accrue until Daimler Chrysler Corp. ("Chrysler") had "been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(b). In my view, the majority's conclusion is inconsistent with the plain and unambiguous language of another, more specific, statute declaring: "[I]n products liability cases . . . [t]he cause of action for injury to the person *shall accrue on the date of the personal injury*, not the date of the negligence or the sale of a product." Tenn. Code Ann. § 28-3-104(b)(1) (emphasis added). This statute leaves no room for doubt that the Plaintiff's cause of action, including his claim based on a theory of strict liability, *accrued* on March

28, 2006, the date he suffered personal injuries from his truck allegedly self-shifting into reverse. While I part company with the majority as to when Plaintiff's cause of action accrued, I agree, for the reasons stated below, that Plaintiff's strict liability claim against Beaman is not time-barred.

The General Assembly has provided non-manufacturing sellers, like Beaman, with an exemption from product liability actions based on strict liability, and this exemption applies *except in certain limited circumstances*. One exception to the exemption from liability is when the manufacturer "has been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(b). By adopting this "'insolvency' exception," the General Assembly intended "to insure that an injured consumer can look to the seller if he cannot collect a judgment from the manufacturer." Seals v. Sears, Roebuck & Co., 688 F. Supp. 1252, 1254 (E.D. Tenn. 1988) (discussing legislative history of the exception); see also Braswell v. AC & S, Inc., 105 S.W.3d 587, 589 (Tenn. Ct. App. 2002) (stating that the insolvency exception was designed "to ensure that the injured consumer could maintain a strict liability action against whomever was most likely to compensate [the injured consumer] for his or her injuries").

In order both to fulfill the legislative purpose and intent of the insolvency exception and to avoid a conflict with the plain language of Tennessee Code Annotated section 28-3-104(b)(1) defining accrual as the date of the personal injury, I would hold that, as to Plaintiff's strict liability claim against Beaman, the one-year statute of limitations was tolled until Chrysler had "been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(b).[2] While no Tennessee court has discussed this issue, tolling the statute of limitations to effectuate a legislative insolvency exception is the approach recommended in the Products Liability Restatement,[3] and this approach has been adopted in at least one other jurisdiction.[4] Tolling is a concept familiar to Tennessee law, and in fact, the General Assembly has expressly approved tolling the statute of limitations if, at the time the cause of action accrued, the person entitled to commence the action was unable to do so because of age or unsound

---

[2] As the majority recognizes, the parties do not dispute that Chrysler has been "judicially declared insolvent"; thus, interpreting the foregoing statutory language is not necessary to resolve this appeal. But see Seals, 688 F. Supp. at 1254-59 (discussing and interpreting the phrase "judicially declared insolvent").

[3] See Restatement (Third) of Torts: Products Liability § 1 cmt. e (1998) (discussing the interplay between the statute of limitations and the insolvency exception and stating that "[o]ne possible solution could be to toll the statute of limitations against nonmanufacturers so that they may be brought in if necessary"). This Court has previously looked to the Restatement Third for guidance as to tort law in Tennessee. See, e.g., Mercer v. Vanderbilt Univ., Inc., 134 S.W.3d 121, 129 (Tenn. 2004).

[4] See Crego v. Baldwin-Lima-Hamilton Corp., No. 16515, 1998 WL 80240, at *5-6 (Ohio Ct. App. Feb. 27, 1998).

mind. See Tenn. Code Ann. § 28-1-106(a) (2000).[5] Finally, tolling the statute of limitations is not contrary to Braswell, in which the Court of Appeals stated: "the General Assembly intended the limitation period against the seller would begin to run at the time the manufacturer was adjudicated bankrupt." Braswell, 105 S.W.3d at 590. This statement is correct, under either the tolling approach I would apply or the accrual approach the majority adopts.[6] The Court of Appeals in Braswell simply did not elaborate upon the basis for its conclusion.

Applying the tolling approach in the context of this appeal produces the following conclusions. Plaintiff's product liability action accrued on March 28, 2006, the date he suffered personal injuries from his truck allegedly self-shifting into reverse. The one-year statute of limitations began to run when the cause of action accrued. Nonetheless, with respect to Plaintiff's strict liability claim against Beaman, the statute of limitations was tolled until Chrysler had been judicially declared insolvent. Thus, Plaintiff's 2009 complaint, filed less than four months after Chrysler filed for bankruptcy, is not time-barred.[7] Because the one-year statute of limitations was tolled, the savings statute, see Tenn. Code Ann. § 28-1-105(a) (2000),[8] has no bearing on the timeliness of Plaintiff's 2009 strict liability claim against Beaman.

---

[5] Section 28-1-106 states:

> If the person entitled to commence an action is, at the time the cause of action accrued, either under the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

[6] At least one commentator has characterized Braswell as adopting the tolling approach recommended in the Products Liability Restatement, which I would apply. See David G. Owen, Special Defenses in Modern Products Liability Law, 70 Mo. L. Rev. 1, 35 n.164 (2005) (describing Braswell as holding that a "statute which precluded strict liability in tort claim against seller unless manufacturer is insolvent tolled statute of limitations until manufacturer filed for bankruptcy").

[7] Even where the statute of limitations is tolled until the manufacturer has been judicially declared insolvent, the statutes of repose provided in Tennessee Code Annotated section 29-28-103 continue to apply and may still bar the cause of action.

[8] The savings statute provides in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest.

As the majority recognizes, however, the savings statute is relevant to the negligence-based claim Plaintiff asserted against Beaman in count two of his 2009 complaint. While non-manufacturing sellers are provided a broad statutory exemption from strict liability claims, such sellers are provided a more narrow statutory exemption from liability for negligence-based claims. This exemption is applicable only "when the product is acquired and sold by the seller . . . under circumstances in which the seller is afforded no reasonable opportunity to inspect the product in such a manner which would or should, in the exercise of reasonable care, reveal the existence of the defective condition." Tenn. Code Ann. § 29-28-106(a). As with strict liability, an insolvency exception to the foregoing exemption allows for imposition of liability for negligence-based claims upon a non-manufacturing seller that had no reasonable opportunity to inspect the product in "[a]ctions where the manufacturer has been judicially declared insolvent." Tenn. Code Ann. § 29-28-106(a)(3).

As the majority correctly points out, however, the exemption from liability provided in Tennessee Code Annotated section 29-28-106(a) has never applied to Plaintiff's negligence-based claim against Beaman. In other words, Beaman had a reasonable opportunity to inspect the truck it sold Plaintiff and was never exempt from liability for a negligence-based claim. Thus, as to the negligence-based claim asserted in count 2 of Plaintiff's 2009 complaint, the statute of limitations was not tolled until Chrysler had been judicially declared insolvent. The cause of action accrued on March 28, 2006. Plaintiff timely filed a lawsuit on March 19, 2007, asserting his negligence-based claim against Beaman, but Plaintiff failed to file a new action within one year of the December 21, 2007 voluntary nonsuit, as the savings statute required. See Tenn. Code Ann. § 28-1-105(a). Thus, I agree with the majority that Plaintiff's negligence-based claim against Beaman is time-barred.

I am authorized to state that Justice Koch concurs in this opinion.

_____
CORNELIA A. CLARK, CHIEF JUSTICE